50 A.3d 645

IN THE MATTER OF JERROLD N. KAMINSKY, AN ATTORNEY AT LAW (ATTORNEY NO. 010511977).

September 12, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–267, concluding that **JERROLD N. KAMIN-SKY** of **KENDALL PARK,** who was admitted to the bar of this State in 1977, should be suspended from the practice of law for a period of three months for violating *RPC* 1.2 (assisting a client in conduct the attorney knows is illegal, criminal or fraudulent), *RPC* 1.7(a) (conflict of interest) and *RPC* 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation);

And thereafter, on April 4, 2012, the Court having stayed the Order of three-month suspension filed on March 9, 2012, to be effective April 9, 2012, pending consideration of respondent's petition for review;

And the Court having granted the petition for review and having ordered **JERROLD N. KAMINSKY** to show cause why he should not be disbarred or otherwise disciplined;

And good cause appearing;

It is ORDERED that the stay of the Order of suspension is hereby vacated, and **JERROLD N. KAMINSKY** is suspended from the practice of law for a period of three months and until the further Order of the Court, effective October 11, 2012; and it is

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.